## T. O. PRATHER v. THE STATE.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Local option law—Election order—Description and definition of offense.*—Article 378, Penal Code, makes it an offense to sell, etc., any intoxicating liquors whatever, in any county, etc., after the qualified voters of such county, etc., have determined, at an election *held in accordance with the laws of this State,* that the sale, etc., shall be prohibited. It is made a part of the description and definition of the offense that the election shall have been held in accordance with law, and in order, therefore, to convict a person of this offense, it must be alleged and proved that the election was so held.

*Same—Petition for election—Jurisdiction.*—It is the petition that confers upon the commissioners' court the jurisdiction to order the election, and an order made by it for such an election, without such petition, or upon an insufficient petition, would be a nullity, as would be any election held thereunder.

*Same—Publication of order.*—The recital in the order declaring the result of the election, that the newspaper in which the order was required by the court to be published had the largest circulation of any newspaper published in the the county, was *prima facie* evidence of that fact.

*Same—Evidence.*—In a prosecution for violation of the article in question, the defendant certainly had the right to prove that the liquor he sold was not within the inhibition of the statute; that it was a medicine, and not an intoxicating liquor; and he would be entitled to prove any fact or circumstance tending to rebut and disprove the charge made against him; and the refusal to admit such testimony is error.

Appeal from Bosque county—Opinion by Willson, J.—The defendant was convicted of selling intoxicating liquors, in violation of the law known as the "local option law." The affidavit and information charging the offense, we think, are good. We have been unable to discover any material variance between the affidavit and information, as suggested in defendant's motion to quash the information.

The first question that presents itself in the case is, as to the evidence introduced to prove that an election had been held in accordance with the laws of the State, etc. This evidence consisted of:

1. An order of the commissioners' court of Bosque county, made and entered at a regular term of said court, on the fourteenth day of November, 1881, ordering an election to be held in said county, under the act known as the "local option act," said election to be held on the tenth day of December, 1881. The order recites that it was made in response to the petition of L. H. Crutchfield and many other citizens of Bosque county. In other respects the order complies with the law.

2. An order of said commissioners' court, made and entered at a special term of said court, held on the twenty-third day of December, 1881, which order declared the result of the election held on the tenth day of December, 1881, to have been in favor of prohibition, and proceeded in the usual form to declare prohibition and to order a publication of the order, etc.

3. W. A. Fields testified that the last named order of the court had been published in the Blade, for four consecutive weeks prior to its going into effect, and that he was one of the publishers of the Blade, which was published in Meridian.

Article 378 of the Penal Code makes it an offense to sell, etc., any intoxicating liquors whatever, in any county, etc., after the qualified voters of such county, etc., have determined, at an election held in accordance with the laws of this State, that the sale, etc., shall be prohibited. It is thus made a part of the description and definition of the offence that the election declaring prohibition shall have been held in accordance with the laws of this State, and in order, therefore, to convict a person of this offense, it must be alleged and proved that the election was so held.

It is just as essential to allege and prove this constituent element of the offense as it is to allege the sale, etc.

For a proper solution of this subject, we must, therefore, refer to

the statute providing for an election in such cases. We find that by the statute it is provided that there must be a petition of at least fifty qualified voters of the county, petitioning the commissioners' court to order the election. (R. S., 3227.) The evidence in this case fails to show the petition required by the statute. Is it sufficient that the order of the court, which order the election recites, shows that there was a petition signed by L. H. Crutchfield, and many other citizens of Bosque county? We think not. It is the petition that confers upon the commissioners' court the jurisdiction to order the election. Without such petition that court would have no power to act in the matter; and an order made by it for such an election without such petition, or upon an insufficient petition, would be a nullity, and the election held in pursuance thereof would be a nullity. If there was a petition in accordance with requirements of the law, it would be easy to produce it in evidence. The law requires it to be filed with the clerk of the county court, and it should be found among the archives of his office.

Suppose that when this petition is produced it is found to have been signed by *ten* instead of *fifty* qualified voters of the county, would the election be a valid one, and in accordance with the laws of this State? We think not. The order declaring the result of the election is *prima facie* evidence that the election had been properly held in accordance with law, provided the jurisdiction of the court had been first established, and provided the proceedings upon their face do not show that the election was not held in accordance with law. That order also recited that the Blade, the newspaper in which the order was required by the court to be published, had the largest circulation of any newspaper published in the county, and this recital, we think, was *prima facie* evidence of that fact. In the case of Boone v. The State, 10 Court of Appeals, which was a prosecution under this same statute, this court said: "This being a prosecution for the violation of article 378, known as the 'local option law,' the election and all of the steps taken by the commissioners' court in reference thereto must have been in pursuance of the act governing the same." In that case the order for the election was made on the tenth day of August for the election to be held on the tenth day of September, being one day over thirty days, when the law provided that the election should be held not *exceeding* thirty nor less than fifteen days from the date of the order.

This was held to be fatal to the legality of the election. The evidence in this case showed that the defendant sold a liquor called "Tolu," which was put up in a bottle. The bottle was sealed and had a label and prescription on it, and a revenue stamp. Defendant was a merchant, and also sold drugs and patent medicines. He had other bottles marked "Tolu," similar to this particular bottle, in his house for sale. The liquid in this bottle smelled and tasted like whisky, and some who drank it were affected as if they had drank whisky. Defendant's clerks testified that this Tolu was put up North, and was received by defendant in cases like other patent medicines. Defendant proved by a physician that the Tolu was a medicine prescribed as a tonic and expectorant, and that there were several preparations of it. Defendant proposed to prove by his clerk the ingredients or component parts of this Tolu sold by the defendant.

The county attorney objected to this evidence, and it was rejected. Also asked the same witness what effect this Tolu had on him when he had taken it according to prescription. The county attorney objected, and the witness was not permitted to answer. Defendant also proposed to prove by a physician that he was acquainted with the preparation called Tolu, and then to prove by him what it was made of. The county attorney objected, and the witness was not permitted to answer.

Defendant excepted to these several rulings of the court, and presents the same fully by bills of exception. We think the court erred in refusing to admit the testimony offered. The defendant certainly had the right, if he could do so, to prove that the liquor he sold was not within the inhibition of the statute; that it was a medicine, and not an intoxicating liquor; and he would be entitled to prove any fact or circumstance tending to rebut and disprove the charge made against him.

For the errors which we have mentioned, the judgment is reversed and the cause remanded.